IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SYD HOUSTON OTEY                    §

VS.                                 §                    CIVIL ACTION NO. 1:08cv117

DIRECTOR, TDCJ-CID                  §

MEMORANDUM OPINION AND ORDER

Petitioner Syd Houston Otey, an inmate confined in the Lewis Unit of the Texas Department

of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

On July 10, 2006, in the Criminal District Court of Jefferson County, Texas, following a trial

by jury, petitioner was convicted of burglary of a habitation. Petitioner was sentenced to a term of

thirty-five years imprisonment.

Petitioner appealed his conviction to the Ninth Court of Appeals of Texas. On March 22,

2007, the judgment of the trial court was affirmed. *Otey v. State*, No. 09-06-329 CR (Tex.App.-

Beaumont Apr. 25, 1997). Petitioner filed a petition for discretionary review with the Texas Court

of Criminal Appeals. The petition was refused. *Otey v. State*, PD-0869-07 (Tex.Crim.App. Sept.

17, 2007).

Petitioner filed a state application for writ of habeas corpus on December 10, 2007. On

January 16, 2008, the Texas Court of Criminal Appeals denied the application without written order

based on the findings of the trial court. *See Ex parte Otey*, No. WR-68,482-02 (Tex. Crim. App.

Dec. 10, 2007).

## The Petition

Petitioner brings this petition asserting the following grounds: (1) he was denied effective assistance of counsel at trial; (2) there was a fatal variance between the indictment and the jury charge; (3) the evidence was legally and factually insufficient to prove his guilt; (4) the trial judge abused his discretion by allowing improper questioning and by denying him a competent attorney; and (5) the State committed prosecutorial misconduct.

## The Response

The respondent has filed a response to the court's order to show cause why relief should not be granted. The respondent contends that petitioner's claims are without merit, and petitioner has failed to show that the state habeas court's denial of relief was objectively unreasonable. The respondent contends that the petition should be denied.

## State Court Findings

On direct appeal, the Court of Appeals for the Ninth District found that petitioner's argument that the evidence was legally insufficient to support the verdict, because the indictment contained an incorrect spelling for the complainant, had not been preserved for review. *See Otey*, No. 09-06-329, 2007 WL 1219406, at *2-3. The court also found the following:

> Viewing the record in the light most favorable to the verdict, a rational jury could have concluded beyond a reasonable doubt that Otey was guilty of burglary of a habitation. *See* TEX. PEN. CODE ANN § 30.02(a)(3) (Vernon 2003). Furthermore, a neutral review of the entire record does not demonstrate that the proof of guilty is so obviously weak as to undermine confidence in the jury's determination, nor does it demonstrate that the proof of guilty is greatly outweighed by contrary proof. The evidence is legally and factually sufficient to support the verdict.

*Id.* at *3.

On habeas review, the Texas Court of Criminal Appeals denied petitioner's application for writ of habeas corpus without written order based on the findings of the trial court. The trial court found that the facts asserted in counsel's affidavit, together with the contents of the official court records, demonstrate that the totality of the representation afforded to petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *See Ex parte Otey*, No. WR-68,482-02, at *3. Additionally, the court found that petitioner had waived and forfeited the right to object to the alleged defective indictment. *Id.* Next, the court found that the legal and factual sufficiency of the evidence to support guilt was addressed and dispensed with on appeal. *Id*. at *4. The court also found that petitioner had not alleged or proved that the alleged abuse of discretion by the trial judge contributed to his conviction or punishment; thus, petitioner's claim was not entitled to consideration. *Id.* Finally, the court found that the record did not support petitioner's claim of vindictiveness. *Id.* The court made the following conclusion of law: "The Petitioner has not stated sworn facts, which if true, would justify granting the relief sought. Accordingly, no fact alleged would substantiate the petition and entitle him to relief." *Id*. at *5.

## Analysis

*Standard of Review*

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996. The new provisions, in part, prohibit a petitioner from relitigating

issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination that a claim lacks merit is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 786, __ L.Ed.2d __ (2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## I.    *Ineffective Assistance of Counsel*

Petitioner first raises multiple claims contending he was denied effective assistance of counsel. Petitioner alleges that counsel failed to object to a defective indictment; allowed improper questioning by the State concerning his prior prison record; failed to object to the amendment of the indictment, and the reading of the amended indictment in the presence of the jury; failed to object to statements by witnesses and the State that indicated petitioner had a previous criminal history; failed to object to six venire members who had previously been victims of crime; improperly convinced him to testify; misadvised him about the State's intention to recommend a lenient sentence, which caused him to plead true to the enhancement paragraph; failed to thoroughly discuss

petitioner's case with him before trial, including trial strategy; failed to perform thorough pre-trial investigations; and failed to object to the admission of the pre-sentence investigation report.

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas,* 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman,* 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Richter*, 2011 WL 148587, at *18.

A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id.* A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of

an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871 876 (5th Cir. 1989).

a.      *Failure to Object to Indictment*

Petitioner contends counsel was ineffective because he failed to object to an allegedly defective indictment. Petitioner claims there was a fatal variance between the evidence and the indictment because the name of one of the complaints was misspelled. Additionally, petitioner claims counsel was ineffective because he failed to challenge a variance between the jury charge and the indictment. Petitioner claims the indictment phrased a clause of the offense description in the conjunctive, and the jury charge phrased this description in the disjunctive.

A variance, under Texas law, occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). "A variance between the wording of an indictment and the evidence presented at trial is fatal only if it is material and prejudices ... [the defendant's] substantial rights." *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000) (internal quotation omitted). When the court reviews such

a variance, it "must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to prepare an adequate defense at trial and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same thing." *Id.*; *see also* Wright & Miller, *Federal Practice & Procedure*, § 125.

Here, petitioner was provided with sufficient notice of the charges against him. Petitioner personally knew the complainant, having performed plumbing work at her house in the past. Further, evidence in the record established that the complainant was actually named "Judy Radcliff," instead of Radliff, which served to put petitioner on notice of the identity of the alleged victim. Thus, petitioner has failed to show that the variance was material. Accordingly, counsel was not ineffective for failing to raise a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Further, petitioner has failed to show how he was prejudiced by counsel's alleged deficient performance. Therefore, petitioner's claim should be denied.

b.      *Prosecutorial Misconduct*

In his second, third, and fourth grounds for review, petitioner asserts claims of ineffective assistance of counsel concerning his failure to raise objections regarding alleged prosecutorial misconduct. Petitioner claims counsel allowed improper questioning by the State concerning his prior prison record, failed to object to amendment of the indictment and the reading of the amended indictment in the presence of the jury, and failed to object to statements by witnesses and the State that indicated he had a previous criminal history.

First, petitioner complains that counsel allowed improper questioning by the State concerning his prior prison record. The State, however, used a hypothetical line of questioning to find out if any

of the potential jurors would have a problem applying the state's sentencing scheme, in which prior convictions necessitate longer sentences. Texas case law holds that:

> [A] prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment.

*Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. 1982). The prosecutor made no specific mention of petitioner's prior convictions. Thus, any objection would have been meritless.

Next, petitioner complains that counsel failed to object to the reading and amendment of the indictment in the presence of the jury. In the indictment, the State alleged both that petitioner committed theft and attempted to commit theft, but abandoned the theory that petitioner actually did commit theft rather than only attempted theft. The State is allowed to allege multiple forms of an offense in an indictment and rely on only one theory at trial. *See Capps v. Collins*, 900 F.2d 58, 60 n.2 (5th Cir. 1990). Thus, any objection would have been meritless.

Finally, petitioner argues counsel should have objected to comments by a witness and the State indicating that petitioner had a criminal history. Petitioner's claims relate to testimony provided by the responding officer in which he testified that they "were familiar that the suspect was in the area at that time and [they] wanted to look for the suspect" and "we have a suspect in the immediate area that we're familiar with, very familiar with, and we noticed that there was a break-in." While the jury may have assumed the officer was familiar with petitioner, it also might have been interpreted to mean that they were familiar with petitioner because he had been thoroughly described and named by the complainant or that they were familiar with the area. Petitioner's claims call for speculation, and such unfounded speculation is not persuasive. *See West v. Johnson,* 92 F.3d

1385, 1399 (5th Cir.1996) (declining to order evidentiary hearing based on wholly conclusory allegations of prosecutor misconduct); *Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir. Unit A 1981) (holding that court will not blindly accept speculative and inconcrete claims as grounds for habeas relief). Accordingly, petitioner has failed to show counsel's performance was deficient. Further, petitioner has failed to show prejudice associated with this claim. Thus, petitioner's claim is without merit.

c.      *Venire Members*

Petitioner complains that counsel failed to object to venire members who stated that they had previously been victimized by crime.

Counsel in petitioner's case performed a thorough *voir dire* examination and requested that prospective jury members be removed for cause when appropriate. Additionally, counsel questioned certain prospective jury members regarding having been victimized by crime and explored any potential bias. The answers from the crime victims indicated that they could be impartial jurors. Reasonable trial counsel might have felt that the prospective jurors were not disqualified for cause, would be fair, and that there might be other jurors upon which he might choose to exercise a peremptory challenge. Therefore, counsel did not perform deficiently by failing to attempt to remove potential jurors from the jury pool who had been previous victims of crime. *See Stevens v. State*, 820 S.W.2d 930, 936 (Tex. App.- Fort Worth 1991). Thus, the claim should be denied.

c.      *Decision to Testify*

Petitioner claims counsel improperly convinced him not to testify. Petitioner claims he wanted to testify but counsel talked him out of taking the stand. However, petitioner admits he listened to the advice of counsel. *See* Original Petition at *13.

In an affidavit submitted by counsel in the state habeas proceeding, counsel stated that petitioner was advised he had the right to testify in his own behalf but chose not to so his extensive prior criminal history would not be introduced before the jury during the Guilt-Innocence phase of the trial. The state habeas court found counsel's affidavit and the record demonstrated that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Ex parte Otey*, No. WR-68,482-02 at *3.

Petitioner has failed to show deficient conduct on the part of counsel. Counsel was merely advising his client regarding trial strategy, as he should. Further, petitioner has not shown prejudice regarding this claim.

Petitioner claims his decision not to testify "hurt [his] trial." Petitioner's claims are conclusory, and counsel's account of the trial is credible. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982). Petitioner has failed to show either deficient conduct or prejudice regarding this claim. Accordingly, the claim should be denied.

### d. Sentencing Advice

Next, petitioner claims counsel misadvised him about the State's intention to recommend a lenient sentence, which caused him to plead true to the enhancement paragraph. In his original petition, petitioner claims counsel told him to allow the judge to perform sentencing because the prosecutor was going to recommend a five year sentence. In his amended petition, petitioner states he was told his potential punishment would be from five to ninety years with a thirty-five year cap, but he was not to be punished as a repeat offender.

In the state habeas proceeding, counsel asserted that he negotiated an agreement with the State to dismiss the habitual offender count in exchange for pleading true to one enhancement. As a result, petitioner's range of punishment was from five to ninety-nine years instead of facing a punishment range of twenty-five years to life, without an agreement in place. Counsel contends he discussed this with petitioner and they both agreed that accepting the agreement was the better choice to reduce his total exposure. At the punishment hearing, petitioner agreed when the court asked whether his understanding was that he and his attorney had entered into a plea bargain agreement with the State for his punishment not to exceed thirty-five years.

Again, petitioner's claims are conclusory, and counsel's account of the trial is credible. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang*, 691 F.2d at 798. Petitioner has failed to show either deficient conduct or prejudice regarding this claim. Accordingly, the claim should be denied.

e.      *Failure to Discuss Case*

Petitioner alleges counsel failed to adequately discuss the case with him before trial and did not discuss trial strategy with petitioner.

In the state habeas proceedings, counsel submitted an affidavit stating the following:

> I spent an extensive amount of time in preparing this case. I visited with Mr. Otey on very many occasions in the jail to discuss his case with him and prepare a proper defense. I filed numerous Motions on his behalf. I kept him well informed.

*Ex parte Otey*, WR-68,482-02, at *44.

Again, petitioner's claims are conclusory, and counsel's account of the trial is credible. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang*, 691 F.2d at 798.

Petitioner has failed to show either deficient conduct or prejudice regarding this claim. Accordingly, the claim should be denied.

### f. Failure to Properly Investigate

In his next claim, petitioner claims counsel failed to conduct a proper investigation, interview witnesses, and inform witnesses of the date of trial.

Trial counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson,* 126 F.3d 716, 723 (5th Cir. 1997). In order to determine the reasonableness of counsel's decision to limit the scope of his investigation under prevailing professional norms, the court analyzes such conduct as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland,* 466 U.S. at 690-91.

As with any ineffective assistance of counsel claim, the petitioner must also show prejudice. Petitioner must prove that an alleged breach of his attorney's duty to investigate "resulted in an actual and substantial disadvantage to the course of his defense." *Baldwin v. Maggio,* 704 F.2d 1325, 1333 (5th Cir. 1983). "In order to satisfy the prejudice prong of *Strickland,* [a defendant] must show 'more than the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality

and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." *United States v. Drones,* 218 F.3d 496, 504 (5th Cir. 2000) (citations omitted).

Complaints of uncalled witnesses are not favored in a federal habeas corpus court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir.1986); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983) ("... this Court has viewed with great caution claims of ineffective assistance of counsel where the only evidence of a missing witness' testimony is from the defendant.") "[W]hile a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." *United States v. Cockrell*, 720 F.2d 1423, 1428 (5th Cir. 1983).

Petitioner's claims are largely unsubstantiated because he failed to describe what an investigation would have uncovered, or how his defense would have benefitted. In both his original complaint and amended complaint, petitioner merely states he had a witness, Vanessa Ancelet, who would have attended the trial. Petitioner has failed to show what further investigation would have uncovered or how it would have changed the outcome of the trial.

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas

corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

Accordingly, petitioner has failed to show that counsel's strategic decisions constituted deficient performance. Further, petitioner has failed to show he was prejudiced by counsel's actions. Accordingly, the claim should be denied.

g.     *Failure to Object to Pre-Sentence Report*

Petitioner alleges counsel was ineffective for failing to object to the pre-sentence report. Petitioner claims counsel never discussed the pre-sentence report with him, never advised petitioner he could waive the report or that it could possibly hurt him.

Petitioner has failed to allege prejudice associated with this claim. Without a claim of prejudice, petitioner cannot show counsel was ineffective. Further, the mere allegation of prejudice is insufficient, a petitioner must affirmatively prove prejudice to satisfy the prejudice prong of *Strickland. See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Petitioner has failed to show deficient performance on the part of counsel. Further, petitioner has failed to show how he was prejudiced regarding this claim. Accordingly, petitioner's claim should be denied.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims of ineffective assistance of counsel should be denied.

## II.    Defective Indictment

Next, petitioner claims there was a fatal variance between the indictment and the jury charge. This issue was addressed previously in section I(a) above when assessing whether or not counsel provided ineffective assistance. Petitioner has failed to show that the variance was material. The indictment sufficiently informed petitioner of the charge against him to prepare an adequate defense. For the reasons set forth above, petitioner's claim is without merit.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claim should be denied.

## III.    Insufficient Evidence

Petitioner claims the evidence is both legally and factually insufficient to sustain the conviction against him. Contentions regarding factual insufficiency of the evidence are strictly matters of state law, not federal Constitutional law, and cannot support relief in a federal habeas case. *See Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993). Accordingly, petitioner's factual sufficiency challenges cannot be considered by this Court.

Petitioner's legal sufficiency challenge, however, does raise a cognizable federal habeas claim. In federal habeas proceedings, the sole consideration regarding sufficiency of the evidence is set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard requires only that the court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting such review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott,* 55 F.3d 1059, 1061 (5th Cir. 1995). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). Moreover, federal courts are obliged to pay great deference to the state appellate court's analysis of the evidence and its determination concerning the sufficiency of the evidence to uphold the verdict. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

In this case, petitioner asserts the evidence is legally insufficient to convict him of the charges against him. However, petitioner's argument is no more than a disagreement with the decision of the jury. The evidence produced at trial, when viewed in the light most favorable to the prosecution, is sufficient for the trier of fact to have found petitioner guilty of the charged offense.

The state appellate court found sufficient evidence linking petitioner to the burglary, including that the Mrs. Radcliff testified she saw petitioner come out of the house, both complainants saw a television set on the back porch, both complainants found several drawers in the house had been opened, and Mrs. Radcliff testified that petitioner apologized to her and asker her not to press charges. *Otey v. State*, No. 09-06-329 CR, slip op. at 6-7 (Tex. App -- Beaumont Apr. 25, 2007). Having independently reviewed the state court record, this court finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts in light of the evidence. Thus, the evidence is sufficient to support petitioner's conviction under *Jackson.* Accordingly, petitioner's ground for review concerning the sufficiency of the evidence should be denied.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims should be denied.

IV.    *Abuse of Discretion*

Petitioner claims that the trial judge abused his discretion by allowing improper questioning and by denying him a competent attorney.

Article 36.01 of the Texas Code of Criminal Procedure prohibits the jury from being informed of a previous conviction alleged in the indictment for enhancement purposes, if that enhancement is not for jurisdictional purposes, before the punishment hearing. *See* TEX. CODE CRIM. PROC. Ann. art. 36.01(a)(1) (Vernon 2007). In such cases, the State and the trial court may not comment that the defendant has been previously convicted of a particular offense at a particular time and in a particular court. *Frausto v. State,* 642 S.W.2d 506, 508 (Tex.Crim.App. 1982); *Johnson v. State,* 901 S.W.2d 525, 532 (Tex.App.-El Paso 1995, pet. ref'd). The purpose, of course, is to prevent prejudice from an announcement at the beginning of the trial that the defendant was previously convicted of other specific crimes. *Frausto,* 642 S.W.2d at 508; *Hawkins v. State,* 792 S.W.2d 491, 496 (Tex.App.-Houston [1st Dist.] 1990, no pet.). The trial court and the State, however, may still instruct the jurors regarding the range of punishment. *Williams v. State,* 668 S.W.2d 692, 701 (Tex.Crim.App. 1983), *cert denied,* 466 U.S. 954, 104 S.Ct. 2161, 80 L.Ed.2d 545 (1984). This applies even if the defendant elected for the trial judge to assess punishment because he can later change his election with the consent of the State. *See* Tex.Code Crim. Proc. Ann. art.

37.07, § 2(b) (Vernon Supp. 2010); *Hunt v. State,* 852 S.W.2d 278, 281 (Tex.App.-Dallas 1993, no pet.). Also, the jury panel may be informed of the enhanced range of punishment, so long as it is not told that the defendant has a prior conviction or told of specific enhancement allegations in the defendant's indictment. *Frausto,* 642 S.W.2d at 509.

Here, there was no specific mention of petitioner's prior convictions; thus, this line of questioning was permissible. Accordingly, petitioner has failed to show that the trial court abused its discretion.

Petitioner also claims the trial court denied him the effective assistance of counsel. Petitioner contends the court was on notice that appellate counsel assigned to his case should have been conflicted out and trial counsel should have been replaced with a more competent attorney. However, there is no indication in the record that, at the time he was appointed, either appellate counsel, the court, or petitioner were aware of a possible conflict. Further, as examined above, trial counsel's representation did not amount to the ineffective assistance of counsel.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims should be denied.

V. *Prosecutorial Misconduct*

Petitioner claims the State committed prosecutorial misconduct by allegedly illegally amending the indictment at trial and by submitting a false presentence investigation report.

Petitioner claims the prosecutor deleted words in the indictment in an effort to harm the trial. *See* Amended Petition at \*34.

Petitioner argues that the prosecutor's use of the conjunctive description of the offense in the indictment, rather than the disjunctive, as used at trial, was misconduct. However, "[b]ecause the State is only required to present evidence sufficient to support the conviction, the State need not present evidence that the defendant committed the offense according to each of the means alleged in the indictment." *United States v. Morales-Martinez*, 496 F.3d 356, 360 (5th Cir. 2007); *see also Smith v. State*, 135 S.W.3d 259, 263 (Tex.App.-Texarkana 2004) ("When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction."). Accordingly, the claim should be denied.

Next, petitioner alleges the prosecutor submitted a false presentence investigation report. However, petitioner's claims are not supported by the record. Again, petitioner's claims are conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang*, 691 F.2d at 798. Petitioner has failed to show either deficient conduct or prejudice regarding this claim. Accordingly, the claim should be denied.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims should be denied.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>ORDER</u>

For the reasons set forth above, petitioner's claims are without merit and should be denied.

Accordingly, this petition for writ of habeas corpus should be denied. A final judgment will be entered denying the petition in accordance with this memorandum. A certificate of appealability shall not issue.

**SIGNED** this the **18** day of **March, 2011.**

Thad Heartfield
United States District Judge